**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 07-cv-02106-CMA

ANNETTE HOGARTH,
SSN: XXX-XX-2414,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES

---

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees (Doc. # 26.)  The Court has jurisdiction under 28 U.S.C. § 2412.  For the reasons stated below, Plaintiff's motion is GRANTED.

The facts and procedural history of this case are set out at length in the Court's Order and Memorandum of Decision.  (Doc. # 23).  A short recap follows.

Plaintiff's application for Social Security Disability Benefits was denied by Defendant, a decision later affirmed by an Administrative Law Judge ("ALJ").  Plaintiff appealed to this Court, which reversed and remanded to the ALJ for further proceedings, citing the ALJ's legal error in failing to adequately discuss the effect of Plaintiff's obesity at steps 3 and 4 of the sequential evaluation process.

After issuing its order, the Court entered judgment against Defendant and in favor of Plaintiff on April 13, 2009. (Doc. # 24). The decisions of this Court, as reflected in that judgment, should have pre-empted any dispute regarding whether Plaintiff was entitled to attorneys' fees. In it, the Court ordered "that Plaintiff Annette Hogarth shall receive her attorney's fees under the Equal Access to Justice Act, pursuant to 28 U.S.C. § 2412." (*Id.*)

In so ordering, the Court made several implicit findings, two of which are worth noting. First, that Plaintiff was a "prevailing party" as that term is defined in the Equal Access to Justice Act ("EAJA"). Second, that Defendant's position in disputing Plaintiff's claim was not "substantially justified," the standard Defendant must satisfy to defeat a prevailing party's claim for attorney's fees under the EAJA. 18 U.S.C. § 2412(d)(1)(A). The Court's decision was based, in part, on its finding that the ALJ failed to comply with the Social Security Administration's own policy, specifically, Social Security Ruling 02-1p, which required the ALJ to "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations." Soc. Sec. Rul. 02-1 p, 2000 WL 628049 at * 7.  Given the ALJ's error, the Court found that Defendant's position in defending this action was not "substantially justified."

These findings, as reflected in the Court's Judgment, renders moot the parties' dispute over whether Plaintiff is entitled to attorneys' fees. The dispute, if any, should be limited to the reasonableness of Plaintiff's proposed attorneys' fees.

However, given that Plaintiff's proposed fees are based on the statutory rate of $125.00 per hour, plus a cost of living adjustment calculated pursuant to the Consumer Price Index, the Court finds that Plaintiff's proposed attorneys' fees are reasonable. 28 U.S.C. § 2421(d)(2)(A). Thus, the Court will grant Plaintiff's Motion for Attorneys' Fees in the amount specified in her motion. However, as pointed out by Defendant and conceded by Plaintiff, Plaintiff's request for costs will be denied as untimely.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorneys' Fees to the extent the award is limited to attorney's fees and not filings costs.

Accordingly, Defendant is ORDERED to pay $4,281.25 in attorneys' fees to Plaintiff.

DATED: July  24 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge